**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

USAA LIFE INSURANCE COMPANY,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:15-cv-93-J-34MCR

YOLINDA DOSS and ALEXIS DOSS,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court <u>sua sponte</u> on the issue of whether the Court has subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999)("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking").

Plaintiff USAA Life Insurance Company alleges in its Complaint for Interpleader (Doc. No. 1; Complaint), that the Court has diversity jurisdiction over this matter because it is a citizen of a different state than Defendants and the amount in controversy exceeds $75,000. Complaint ¶2. However, as it is apparent from the Complaint that Plaintiff has filed an action for interpleader, Plaintiff is actually seeking to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1335. Section 1335 provides the district courts with jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or

give a bond payable to the Clerk in the amount of such money or property. 28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. VanLandingham, No. 5:04CV538OC10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006)[1]; Great Amer. Life Ins. Co. v. VanLandingham, No. 5:05-CV-155-OC-10GRJ, 2005 WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005).  Here, according to the allegations of Plaintiff's Complaint, the amount in controversy is $600,000, the value of the insurance policy in dispute, Complaint ¶7, and "minimal diversity" exists because one of the Defendants, or "adverse claimants," is alleged to be a citizen of Florida, while the other is alleged to be a citizen of Georgia. Id. ¶¶5-6. However, a review of the Court's Docket reveals that the third requirement, that of depositing the disputed policy proceeds in the Court registry, or a bond with the Clerk of the Court, has not been met.[2]

In order for the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court.  Thus, in order to cure this jurisdictional defect, Plaintiff will be directed to deposit the proceeds from Life Insurance Policy Number T942948290, see Complaint ¶7, plus accrued interest, into the registry of the Court on or before March 2, 2015, and to file a Notice with the Court that it has done so.

It is hereby **ORDERED**:

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] Plaintiff states in its Complaint that it "has been ready, willing, and able to pay the death benefit to the person entitled to it and is similarly ready, willing and able to pay the death benefit into the registry of the Court." Complaint ¶16.

Plaintiff USAA Life Insurance Company is directed to **DEPOSIT** the proceeds, and any accrued interest, from Life Insurance Policy Number T942948290, see Complaint ¶7, into the registry of the Court, on or before **March 2, 2015**, and to file a Notice with the Court that it has done so. If Plaintiff fails to deposit the disputed insurance proceeds (or submit to the Court a bond payable to the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of January, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc16
Copies to:
Counsel of Record