UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

USAA LIFE INSURANCE COMPANY,

      Plaintiff,

v.                              CASE NO. 3:15-cv-93-J-34MCR

YOLINDA DOSS and A.D., a minor,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion to Be Dismissed from Action With Prejudice and Discharged from Liability Under Life Insurance Policy ("Motion") (Doc. 30). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion be **GRANTED**.

### I.    Background

Plaintiff USAA Life Insurance Company ("Plaintiff" or "USAA") issued a twenty-year level term life insurance policy to Alphonso M. Doss ("Mr. Doss" or "decedent"), effective November 24, 2005, in the amount of $600,000, naming

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Defendant Yolinda Doss ("Ms. Doss") as the sole beneficiary.  (Doc. 7, ¶ 7.)  Mr. Doss died on February 12, 2014, and the probable manner of his death was homicide.  (*Id.* at ¶ 8.)  Ms. Doss was arrested and charged with decedent's murder.  (*Id.* at ¶ 9.)

On January 26, 2015, USAA commenced this action for interpleader against Ms. Doss and A.D., the minor daughter of Mr. and Ms. Doss.  (Doc. 1.)  USAA alleges that if Ms. Doss is prohibited from receiving the death benefit of the life insurance policy pursuant to the Slayer Statute, Fla. Stat. § 732.802, the benefit would be payable to Mr. Doss's Estate and/or A.D.  (Docs. 1 & 7, ¶ 11.)  Due to the potential conflicting claims to the death benefit, USAA alleges it is in doubt as to who should receive the death benefit of the policy.  (*Id.* at ¶ 13.)  To avoid the danger of facing multiple lawsuits and/or being exposed to multiple liability, USAA filed this action as a disinterested stakeholder so that the Court can determine who is legally entitled to the death benefit, discharge USAA from any and all liability with regard to the death benefit, enjoin Defendants and/or any other potential claimants from initiating any proceedings against USAA regarding the death benefit, and award USAA its costs and attorneys' fees for bringing this action.  (*Id.* at ¶¶ 14-15 & 4.)

On January 28, 2015, the Court *sua sponte* directed USAA to deposit the proceeds, and any accrued interest, from the life insurance policy into the registry of the Court by March 2, 2015, in accordance with 28 U.S.C. § 1335.  (Doc. 3.)

2

On January 30, 2015, USAA filed a Notice of Compliance with the Court's

January 28, 2015 Order.  (Doc. 4.)

On February 10, 2015, USAA filed an Amended Complaint for Interpleader.

(Doc. 7.)  Defendant A.D. answered the Amended Complaint, through counsel,

on March 4, 2015.[2]  (Doc. 11.)  Despite being served with a summons and the

Amended Complaint on February 19, 2015, Ms. Doss failed to appear in this

action and, on USAA's motion, the Clerk entered a default against her on June

17, 2015.  (Docs. 15, 15-1, 16.)

On July 23, 2015, USAA filed the present Motion, which seeks an order

dismissing USAA from this action with prejudice, discharging USAA from further

liability to any Defendant under the life insurance policy, and permanently

enjoining and restraining Defendants and their heirs, successors, representatives,

guardians, and assigns from instituting or prosecuting any further action or

proceeding against USAA and/or the policy regarding the net policy proceeds in

any state or federal court.  (Docs. 30, 30-1.)  To date, no party has filed an

opposition to the Motion.

## II.   Discussion

Interpleader "allows a stakeholder to bring an action joining two or more

adverse claimants to a single fund."  *John Alden Life Ins. Co. v. Vanlandingham*,

---

[2] On July 7, 2015, the Court allowed A.D.'s counsel to withdraw from the case. (Doc. 26.)  Since then, A.D., through her guardians Christopher and Tiffany Amos, has proceeded in this case *pro se.*  (*See* Docs. 27 & 29.)

2006 WL 1529047, *4 (M.D. Fla. May 30, 2006) (citing *In re Mandalay Shores Coop. Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994)). "The purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims. Accordingly, the interpleader statutes and rules are liberally construed to effectuate this purpose." *Id.* (internal citations omitted).

"There are two stages to a typical suit for interpleader. In the first stage, the Court determines whether the plaintiff has satisfied the requirements for interpleader. In the second stage, the Court determines the rights and interests of the claimants to the disputed property." *N.Y. Life Ins. Co. v. Snyder*, 2012 WL 1600157, *1 (M.D. Fla. Feb. 7, 2012) (internal citations omitted) (report and recommendation adopted on May 4, 2012). "'It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs.'" *Southtrust Bank of Fla., N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (quoting *Kurland v. United States*, 919 F. Supp. 419, 421 (M.D. Fla. 1996)).

As recently stated by this Court:

> The Court's jurisdiction and the requirements for interpleader are: (1) that plaintiff has custody of disputed property valued at more than $500; (2) plaintiff has deposited the disputed property into the registry of the Court; and (3) there are two or more adverse claimants of diverse citizenship who may claim an interest in the disputed property.

*Snyder*, 2012 WL 1600157 at *1 (citing 28 U.S.C. § 1335(a)).

All of the above-cited requirements have been satisfied in this case.  First, the Amended Complaint alleges that the amount in controversy is $600,000, the value of the insurance policy in dispute, and "minimal diversity" exists because one of the Defendants, or "adverse claimants," is alleged to be a citizen of Florida, while the other is alleged to be a citizen of Georgia.  (Doc. 7, ¶¶ 5-7.)  Further, the docket reflects that USAA has deposited the interpleader funds, in the total sum of $625,258.69, into the registry of the Court.  (Doc. 4.)  In addition, USAA has adequately alleged that it is a disinterested stakeholder who may be subject to multiple liability with respect to the same insurance policy.  Finally, to date, no Defendant has challenged the validity of the interpleader action.  Based on the foregoing, the undersigned recommends that interpleader is proper and that USAA is entitled to be dismissed from this action and discharged from any further liability as to the subject life insurance policy.  The undersigned further recommends that pursuant to 28 U.S.C. § 2361, USAA's request for permanent injunctive relief against Defendants and any of their successors with respect to the subject policy, be granted.

In the Motion, USAA suggests (without moving for this relief) that the Court consider appointing a guardian ad litem for Defendant A.D., a minor, pursuant to Fed.R.Civ.P. 17(c)(2), given that A.D.'s guardian, Ms. Amos, is Ms. Doss's sister, and the Personal Representative of Mr. Doss's Estate is Ms. Doss's mother.

5

(Doc. 30 at 3.)

"It is well established that '[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (internal citations omitted).  Rule 17(c) provides in relevant part:

> **(1)    With a Representative.**  The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian . . . .
> **(2)    Without a Representative.**  A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed.R.Civ.P. 17(c).

"Rule 17(c) does not make the appointment of a guardian ad litem mandatory.  If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958).  The *Roberts* court interpreted Rule 17(c) to mean:

> (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian.

*Id.  See also Burke*, 252 F.3d at 1264 ("[U]nless a conflict of interest exists

between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed.").

Here, Defendant A.D. is represented by her guardians Tiffany Amos and/or Christopher Amos.  However, USAA seems to suggest that A.D.'s interests are not adequately protected given that Ms. Amos is Ms. Doss's sister, and the Personal Representative of Mr. Doss's Estate is Ms. Doss's mother.  There is no direct evidence of conflict in this case.  However, in light of the circumstances here, including the potentially adverse interests of A.D., Ms. Doss, and Mr. Doss's Estate, the relationship between Ms. Doss, A.D.'s guardian, and the Personal Representative of the Estate, as well as the withdrawal of A.D.'s former counsel, the proper procedure would be to appoint a guardian ad litem in order to ensure that A.D.'s interests are adequately represented and protected.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 30**) be **GRANTED**.

2.    USAA be **DISMISSED** from this action **WITH PREJUDICE**.

3.    USAA and Policy Number T942948290 be **DISCHARGED** from any and all liability to any of the Defendants, and their heirs, successors and assigns, for any claim, demand, action, or cause of action arising out of or in any way connected with the net Policy proceeds.

4.    Defendants and their heirs, successors, representatives, guardians and assigns, be permanently **ENJOINED** and **RESTRAINED** from instituting or

7

prosecuting any proceeding in any state or United States court, including this Court, against USAA and/or the Policy affecting the net Policy proceeds payable as a consequence of Alphonso Doss's death.

     5.    A guardian ad litem be appointed for A.D. in place of Tiffany Amos and Christopher Amos to represent and protect A.D.'s interests in this action.

     **DONE AND ENTERED** at Jacksonville, Florida, on September 22, 2015.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record

Any Unrepresented Party