UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

USAA LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                           CASE NO. 3:15-cv-93-J-34MCR

YOLINDA DOSS and MICHAEL T.
FACKLER, as guardian ad litem for
A.D., his ward,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion to Intervene (Doc. 33) and the Amended Motion in Support of Claim for Intervention (Doc. 40), filed by Shirley Hunter ("Ms. Hunter" or "Movant"), as Personal Representative of the Estate of Alphonso Doss. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motions be **GRANTED** to the extent stated herein.

**I.    Introduction**

This action involves the proceeds of Mr. Doss's life insurance policy, which

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

named his wife Yolinda Doss as the sole beneficiary.  Mr. Doss died on February 12, 2014, and Ms. Doss was arrested and charged with his murder.

On January 26, 2015, USAA Life Insurance Company commenced this action for interpleader against Ms. Doss and A.D., the minor daughter of Mr. and Ms. Doss.  USAA alleged that if Ms. Doss was prohibited from receiving the death benefit of the life insurance policy pursuant to the Slayer Statute, Fla. Stat. § 732.802, the benefit would be payable to Mr. Doss's Estate and/or A.D.  (Docs. 1 & 7, ¶ 11.)  On January 30, 2015, USAA deposited the proceeds of the life insurance policy, plus accrued interest, totaling $625,258.69, into the Court's registry.  On April 22, 2015, Ms. Doss disclaimed and renounced her interest in Mr. Doss's life insurance policy.  (Doc. 33-1 at 2.)  On June 17, 2015, the Clerk entered a default against Ms. Doss for failure to appear in this action.

On October 19, 2015, the Court dismissed USAA from this case, discharging it from any and all liability to Defendants for any claim arising out of or in connection with the policy proceeds, and permanently enjoined Defendants from prosecuting any action against USAA or the policy affecting the net policy proceeds.  (Doc. 34.)  On October 29, 2015, the Court appointed Mr. Fackler as guardian ad litem for Defendant A.D.  (Doc. 35.)

Presently, Ms. Hunter seeks leave to intervene in this action as of right pursuant to Fed.R.Civ.P. 24(a)(2), or, alternatively, permissively pursuant to

Fed.R.Civ.P. 24(b).[2]  The existing parties do not oppose the request for intervention.

## II.   Standard

Rule 24 of the Federal Rules of Civil Procedure provides in relevant part:

> **(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> **(b) Permissive Intervention.**
> **(1) In General.**  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . .
> **(3) Delay or Prejudice.**  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed.R.Civ.P. 24.

## III.   Discussion

Movant argues that intervention is proper under either Rule 24(a)(2) or Rule 24(b)(1)(B), as there is no right to intervene by a federal statute.  Therefore, the undersigned will first decide whether intervention of right is proper pursuant to

---

[2] Despite being given multiple opportunities to file the pleading that sets out the claim or defense for which intervention is sought, Movant has failed to do so.

Rule 24(a)(2).

Movant argues that the Motion to Intervene is timely because the litigation is in its early stages. The undersigned agrees. Although this case was filed in January of 2015, no scheduling order has been entered yet. The second requirement, an interest relating to the property or transaction which is the subject of the action, is also satisfied. Movant has an interest relating to the life insurance proceeds that are the subject of this action. As Plaintiff alleged in the Amended Complaint for Interpleader, in the event that Ms. Doss is prohibited from receiving the life insurance proceeds pursuant to the Slayer Statute, the proceeds "would be payable to the Estate of the Insured Decedent and/or A.D." (Doc. 7, ¶ 11.) Given that Ms. Doss has disclaimed her interest to the life insurance proceeds, the Court need not determine whether she is prohibited from receiving the proceeds pursuant to the Slayer Statute, Fla. Stat. § 732.802. As there are no contingent beneficiaries listed on the policy, Movant is seeking intervention to ensure that A.D., as Mr. Doss's only surviving child and beneficiary next in line, will receive the proceeds.

The undersigned also finds that failure to allow Movant to intervene may impair or impede the Estate's ability to protect its interest in protecting the life insurance proceeds and effectuate Ms. Doss's waiver. Further, the undersigned believes that the Estate's interest may not be adequately represented by the existing parties. The Supreme Court has noted that the burden to satisfy this

requirement "should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). As stated earlier, Movant is attempting to effectuate Ms. Doss's waiver as to the life insurance proceeds. Also, two creditor claims for $18,493.25 and $26,155.00, respectively, have been filed against the Estate, which Movant may need to pay pursuant to Fla. Stat. § 733.705. Finally, the intervention will not unduly delay or prejudice the adjudication of the existing parties' rights. Notably, the existing parties do not oppose the intervention.

Therefore, Movant's request for intervention of right should be granted under Rule 24(a)(2), and the Court need not address permissive intervention under Rule 24(b)(1)(B). Movant also requests that the Court release the funds of Mr. Doss's life insurance policy to A.D.'s guardian, to which A.D.'s guardian does not object.[3] However, Movant also seems to request attachment of creditors' claims to the life insurance proceeds, which is opposed by A.D.'s guardian. These requests appear inconsistent and, therefore, they should be denied without prejudice at this time. Finally, to the extent Movant is asking the Court for an award of attorney's fees and costs associated with this action pursuant to Fla. Stat. § 61.16 and/or Fla. Stat. § 733.6171, which is opposed by A.D.'s guardian, this request should be denied without prejudice to filing a properly supported motion addressing Movant's entitlement to fees and costs and showing that the

---

[3] To the extent Movant requests that the Court release the funds of Mr. Doss's *estate*, rather than his life insurance proceeds, to A.D.'s guardian, this issue is not properly before the Court.

amounts sought are reasonable.

Accordingly, it is respectfully **RECOMMENDED** that the Motion to Intervene (**Doc. 33**) and the Amended Motion in Support of Claim for Intervention (**Doc. 40**) be **GRANTED** to the extent stated herein.

**DONE AND ENTERED** at Jacksonville, Florida, on January 29, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Any Unrepresented Party