UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

USAA LIFE INSURANCE COMPANY,

      Plaintiff,

v.                                          CASE NO. 3:15-cv-93-J-34MCR

YOLINDA DOSS and MICHAEL T.
FACKLER, as guardian ad litem for
A.D., his ward,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion for Attorney's Fees, Denial of Creditor Claims, and to Disburse Funds Held in the Registry of the Court ("Motion") (Doc. 44), filed by Shirley Hunter ("Ms. Hunter" or "Movant"), as Personal Representative of the Estate of Alphonso Doss, and Response thereto (Doc. 45), filed by Michael Fackler, as guardian ad litem for Defendant A.D. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

I.   **Introduction**

This action involves the proceeds of Mr. Doss's life insurance policy, which named his wife Yolinda Doss as the sole beneficiary. Mr. Doss died on February 12, 2014, and Ms. Doss was arrested and charged with his murder.

On January 26, 2015, USAA Life Insurance Company commenced this action for interpleader against Ms. Doss and A.D., the minor daughter of Mr. and Ms. Doss. USAA alleged that if Ms. Doss was prohibited from receiving the death benefit of the life insurance policy pursuant to the Slayer Statute, Fla. Stat. § 732.802, the benefit would be payable to Mr. Doss's Estate and/or A.D. (Docs. 1 & 7, ¶ 11.) On January 30, 2015, USAA deposited the proceeds of the life insurance policy, plus accrued interest, totaling $625,258.69, into the Court's registry. On April 22, 2015, Ms. Doss disclaimed and renounced her interest in Mr. Doss's life insurance policy. (Doc. 33-1 at 2.) On June 17, 2015, the Clerk entered a default against Ms. Doss for failure to appear in this action.

On October 19, 2015, the Court dismissed USAA from this case, discharging it from any and all liability to Defendants for any claim arising out of or in connection with the policy proceeds, and permanently enjoined Defendants from prosecuting any action against USAA or the policy affecting the net policy proceeds. (Doc. 34.) On October 29, 2015, the Court appointed Mr. Fackler as guardian ad litem for Defendant A.D. (Doc. 35.)

Then, on March 7, 2016, the Court adopted the undersigned's

recommendation that Ms. Hunter's Motion to Intervene and Amended Motion in Support of Claim for Intervention be granted. (Doc. 43.) The same Order provided that "[a]n appropriate motion for relief should be subsequently filed to address the issues of disbursement, creditors' claims, and attorneys' fees." (*Id.* at 2.) On May 9, 2016, Movant filed the present Motion, seeking disbursement of all funds being held in the Court's registry to A.D., denial of creditor claims, and an award of attorney's fees pursuant to Fla. Stat. § 733.6171. (Doc. 44.) Mr. Fackler agrees that the funds should be disbursed to A.D. and that the Court should not direct payment of creditor claims from the funds, but takes no position as to whether those claims should be denied in any probate action.² (Doc. 45.) Mr. Fackler objects, however, to Movant's request for attorney's fees from the funds, stating that Movant has not shown her entitlement to fees. (*Id.*)

## II.   Discussion

Movant requests, and Mr. Fackler agrees, that the funds held in the Court's registry should be disbursed to A.D., as the beneficiary next in priority, given that Ms. Doss has disclaimed and renounced her interest in these funds and the Estate is not entitled to the funds because there is a surviving child, A.D., who is eligible under the law to receive the funds. *See Carter v. Carter*, 88 So.2d 153, 158, 159 (Fla. 1956) (stating that "a beneficiary who unlawfully and intentionally

---

² Two creditor claims have been filed against the Estate – for $18,493.25 and $26,155.00, respectively.

takes the life on [sic] the insured thereby disqualifies himself to receive the proceeds of the insurance policy" and "the beneficiary next in priority to the excluded beneficiary should receive the proceeds of the policy in preference to the estate of the deceased"); *Hamilton v. Liberty Nat'l Life Ins. Co.*, 207 So.2d 472, 476 (Fla. Dist. Ct. App. 1968) (citing to *Carter v. Carter* and Fla. Stat. § 222.13 for the proposition that "insurance proceeds shall pass outside probate and inure to the benefit of the children and surviving spouse").  The undersigned agrees and recommends that the funds be disbursed to Mr. Fackler, as guardian ad litem for A.D.

The parties also agree that the Court should not direct payment of creditor claims from the life insurance funds.  The parties' agreement is supported by applicable law.  *See* Fla. Stat. § 222.13(1) (providing that life insurance proceeds "shall be exempt from the claims of creditors of the insured unless the insurance policy or a valid assignment thereof provides otherwise").  *See also New York Life Ins. Co. v. Valz*, 141 F.2d 1014, 1015 (5th Cir. 1944) ("It is not open to dispute under the statutes and decisions of Florida that the proceeds of [insurance] policies are in no case liable for any debts of the insured unless there was a specific declaration that the policy was for the benefit of creditors."); *Bradford v. Watson*, 62 So. 484, 485 (Fla. 1913) (finding that the life insurance policy was not a part of the decedent's estate for the purpose of paying debts or for distribution).  Therefore, the undersigned recommends that the creditors'

claims should not attach to the life insurance proceeds.[3]

Finally, the parties disagree as to Movant's entitlement to attorney's fees under Fla. Stat. § 733.6171.  Section 733.6171 states, in pertinent part:

> (1) Attorneys for personal representatives shall be entitled to reasonable compensation payable from the *estate assets* without court order.
>
> . . .
>
> (4) In addition to fees for ordinary services, the attorney for the personal representative shall be allowed further reasonable compensation for any extraordinary service. . . . Extraordinary services may include, but are not limited to:
>
> (a) Involvement in  . . . a proceeding for determination of beneficiaries, a contested claim, . . . or any adversarial proceeding or litigation by or against the estate.

Fla. Stat. § 733.6171 (emphasis added).

Movant argues that an award of compensation is appropriate because counsel "has spent additional hours as a direct result of this interpleader action." (Doc. 44 at 5.)  Movant adds:

> [T]he Estate sought intervention to aid this Honorable Court in the proper distribution of the proceeds of the Decedent's life insurance policy. . . . The Movant has successfully intervened in this suit and has also protected both the Estate and A.D.'s interest. . . . Intervention was an essential step as the funds were being held in the registry of the court, and it was alleged that the Estate may have a right to these funds.  Due to extensive research by the Movant, it is established that the minor child, A.D., should receive the life insurance proceeds.

---

[3] The question of whether the creditors' claims should be paid by the Estate is not properly before the Court.

(*Id.*)

Although the Court does not necessarily disagree with these statements, it does not seem that the Estate has benefitted from counsel's services, as is required for an award of fees for performing extraordinary services. *See In re Gleason's Estate*, 74 So.2d 360, 362 (Fla. 1954) (en banc) ("The rule in this State is that an attorney who has rendered valuable services to an estate or its personal representative may be paid for such services by making application to the appropriate court and showing that his services benefitted the estate. If the services tend to break down, subtract from or dissipate the estate he cannot be compensated from it."); *In re Estate of Freedman*, 340 So.2d 1275, 1275 (Fla. Dist. Ct. App. 1977) (per curiam) (finding that the estate was not enhanced by a constructive trust where the distribution was not changed and, therefore, affirming the probate judge's decision to disallow attorney's fees); *In re Estate of Farris*, 113 So.2d 721, 722 (Fla. Dist. Ct. App. 1959) (stating that reasonable compensation is due "if as a result of the proceedings undertaken the estate was benefited [sic]," but finding that "[i]n the absence of a showing that the accounting ordered produced new assets for the estate or that the legal services became necessary by reason of laches, negligence, or fraud on the part of the personal representative of the estate," the county judge did not err in refusing to allow a fee).

Moreover, as is clear from the statutory language, the reasonable

compensation that may be awarded under the statute is actually "payable from the estate assets." Fla. Stat. § 733.6171(1).  *See also Goldworn v. Estate of Day*, 452 So.2d 659, 660 (Fla. Dist. Ct. App. 1984) ("It is axiomatic that an award of attorney's fees *from the estate funds* presupposes the performance of services which were necessary or beneficial to the estate.") (emphasis added).  Here, Movant seeks to recover attorney's fees from the proceeds of the life insurance policy, which are not part of the Estate assets.  *See Hamilton v. Liberty Nat'l Life Ins. Co.*, 207 So.2d 472, 476 (Fla. Dist. Ct. App. 1968) (stating that "insurance proceeds shall pass outside probate").  Therefore, even assuming that counsel's services would qualify for reasonable compensation under Fla. Stat. § 733.6171, Movant has not shown that the life insurance proceeds from which she seeks reimbursement are part of the Estate assets.  As such, the undersigned recommends that Movant's request for attorney's fees be denied.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (**Doc. 44**) be **GRANTED** to the extent that the life insurance funds held in the Court's registry (together with any accrued interest) be disbursed to Mr. Fackler, as guardian ad litem for A.D., and that no payment of creditor claims be directed out of the life insurance proceeds, and **DENIED** in all other respects.  It is further **RECOMMENDED** that the Clerk be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 30, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Any Unrepresented Party